[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff's Revised Amended Complaint of May 2, 1997 is set forth in three counts. The defendant has moved to strike counts two and three and paragraphs 3, 4, and 5 of the prayer for relief.
In count two the plaintiff alleges the parties cohabited since Jun 1990 and that they purchased various items of personal property "for their joint use and their joint ownership." (Paragraph 2). Plaintiff is asking for a partition of the jointly owned personal property pursuant to C.G.S. § 52-500. Count three asserts that the defendant purchased certain personalty for the plaintiff, that the ownership of these hems is in dispute (Paragraph 3), and that the defendant refuses to return this property to the plaintiff. Paragraph 4 of the third count asserts that the ownership of certain items is in dispute and that these items are under the control of the defendant. In plaintiff's prayer for relief, she seeks:
 "3. A determination of the parties' respective title interests in their personal property.
 4. A partition of the parties' jointly-owned personal property.
 5. An order that the defendant return to the plaintiff all her personal property that he retains, or, if they cannot be returned, damages."
"A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint in the manner most favorable to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491,529 A.2d 171 (1987). This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Citations omitted; internal quotation marks omitted.) WestportBank Trust Co. v. Corcoran, Malline Aresco, 221 Conn. 490, CT Page 10498 495-96, 605 A.2d 862 (1992).
The defendant argues that because ownership of the personal items is in dispute, the plaintiff's claim fails to comply with C.G.S. 52-500, which reads as follows:
 "(a) Any court of equitable jurisdiction may, upon the complaint of any person interest, order the sale of any property, real or personal owned by two or more persons, when in the opinion of the court, a sale will better promote the interest of the owners . . . ." (Emphasis added).
Defendant also claims that paragraphs 3 and 4 of the prayer for relief which ask for a determination of the parties' interest in the personalty and a partition, respectively, are inappropriate under C.G.S. § 52-500. With respect to the third count and paragraph 5 of the prayer for relief the defendant claims the plaintiff has failed to comply with C.G.S. § 52-515, the replevin statute which provides
 "The action of replevin may be maintained to recover any goods or chattels in which the plaintiff as a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention."
The third count incorporates paragraphs 1-3 of the second count and adds a fourth paragraph alleging the defendant retains possession of the plaintiffs personal property and refuses to return the same. Defendant characterizes this count and paragraph 5 of the plaintiff's prayer for relief as a replevy action subject to the provisions of C.G.S § 52-518 which must stand on its own without being combined with another cause of action.
Defendant asserts C.G.S. § 52-500 requires the sale in a partition action, but clearly the language of the statute is permissive by use of the word "may" and, therefore the defendant's claim is without merit.
Similarly, the plaintiff's third count rests on a claim to quiet title to the personalty and the claim for relief falls within the purview of that allegation.
As to the fifth claim for relief, it properly relates to CT Page 10499 paragraphs 2 and 3 of the complaint and cannot be said to characterize count 3 as a replevin action. The second paragraph of the second count, incorporated into the third count, refers to items purchased for the parties' joint use and ownership. And paragraph 5 of the claim for relief is consistent with the quiet title claim and the injunctive relief claim. ". . . . The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142 (1989).
For the reasons stated, the defendant' motion to strike is denied in its entirety.
By the court,
Stanley, J.